## JEREMIAH KILBURN *vs.* JAMES BENNETT.

B., an inhabitant of the town of G., conveyed away his farm on the 1st of April, and afterwards resided a short time in the house of S. in said town, and on the 27th of April went, with his family, to the town of T. and remained there, in the house of his brother, until several days after the 1st of May : He and his family were afterwards in G. most of the time, until the 27th of May, when they removed to Illinois. In a suit to recover a tax assessed on B. by the assessors of G., it was held that, for the purpose of showing that he had changed his domicil before the 1st of May, he might give in evidence his declaration, made to S. about three weeks before he went to T., that he should leave G. before the 1st of May, and remove, with his family, to T. to reside at his brother's and make his house a home until he should go to Illinois. *Held also*, that the burden of proof was on B. to prove that he had changed his domicil before the 1st of May.

ASSUMPSIT, by the collector of taxes for the town of Groton, to recover the amount of a tax assessed upon the defendant for the year 1839.

At the trial before *Williams*, C. J. in the court of common pleas, the only disputed point was, whether the defendant was an inhabitant of Groton on the 1st of May 1839. It appeared that prior to February 1839, he had been, for many years, an inhabitant of that town, and owned a farm there ; that in February or March of that year, he sold his said farm, and the purchaser received possession thereof on the 1st of April following, according to the agreement at the time of sale   In March, the defendant sold at auction the principal part of his personal property, and in April went, with his wife and children, to reside in the house of S. Shattuck, in said Groton, where they continued to reside, boarding themselves, until the 27th of said April. On that day, the defendant, and his wife and children, went to Tyngsborough, to the house of his brother, Z. Bennett, where they remained several days beyond the 1st of May. After this period. the defendant, and his wife and children were in Groton

a large part of the time until the 27th of May, when they left said Z. Bennett's, at Tyngsborough, and went to the State of Illinois, where they have resided ever since.

For the purpose of showing with what intent the defendant went to Tyngsborough, on the 27th of April, he offered to prove, that about three weeks before that day, he told S. Shattuck, in whose house he then resided, that he should leave Groton before the 1st of May, and remove with his family to Tygnsborough, to reside at his brother's and make his house a home, until he should go to Illinois. But the judge ruled that the evidence was inadmissible, and rejected it.

The judge also instructed the jury, that as it was admitted that the defendant had been an inhabitant of Groton for a long time before, and so continued until, the 27th of April, the presumption was, in the absence of any evidence to the contrary, that he continued to be an inhabitant of the same town ; and that the burden of proof was on him to show that he ceased to be such inhabitant before the 1st of May.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the aforesaid ruling and instructions of the court.

*Farley*, for the defendant.

*Mellen*, for the plaintiff.

WILDE, J.    The principal question submitted in this case is, whether the evidence, offered by the defendant at the trial, was rightly rejected.   In order to establish the fact that the defendant was not an inhabitant of the town of Groton on the 1st of May 1839, the year when the tax demanded was assessed, he proved that on the 27th of April of that year he went to Tyngsborough, to the house of Z. Bennett, his brother, where he remained some days after the 1st of May ; and for the purpose of showing with what intent he removed to Tyngsborough, he offered to prove that about three weeks before his removal, he told S. Shattuck, in whose house he resided, that he should leave Groton before the 1st of May, and move with his family to Tyngsborough, to reside with his brother, and make his house a home until he went to Illinois.   The court held that this, being

the mere declaration of the defendant, was not competent evidence in his favor, and it was rejected. The general rule undoubtedly is, that a party cannot give in evidence his own declarations in his favor, unless they accompany some act, and are a part of the *res gesta.* But it appears to us that the declarations offered to be proved are within the qualification of the rule. They were made in the ordinary course of business, and in relation to the defendant's removal ; and they were made to the owner of the house in which he was at the time residing. This giving notice of his intended removal is to be considered an act, which he might prove in any case in which it became material ; and if so, all that he said, explanatory of his intention in relation to his removal, seems to us to be admissible in evidence.

This opinion fully coincides with the decision in the case of *Thorndike* v. *City of Boston,* 1 Met. 242. In that case, it was held that a letter from the plaintiff to his agent, written after he had left Boston, but before he had any knowledge of a tax having been assessed upon him — in which he expressed his intention not to return to Boston — was admissible. So his declarations, made about the time of his departure from Boston, expressing the same intention, were admitted without exception. That case we think was decided on correct principles, and is decisive of the present question.

Another exception was taken to the ruling of the court, upon which it is proper to express an opinion, although on a new trial it may not be of much importance. The court ruled, and so instructed the jury, that as it was admitted that before the tax was assessed, the defendant was an inhabitant of Groton, the burden of proof was on him to prove that he had, before the 1st of May, changed his domicil. This ruling and instruction were clearly right; because the defendant, having once acquired a domicil, it must continue until it is abandoned. It was not incumbent on the plaintiff to prove that the defendant was in Groton on the 1st of May, for if he had left before, *animo revertendi,* he would still have been liable to taxation.

*New trial granted.*